MINNIE M. CRAVER, Respondent, *v.* GEORGE W. CRAVER, Appellant.

Third Department, March 14, 1919.

**Husband and wife — action for separation — alimony and counsel fees.**

Where in an action for a separation the plaintiff alleges that she had previously entered into an agreement of separation with the defendant providing that the plaintiff should have the custody of, and should maintain and educate their daughter, that the defendant should pay the plaintiff forty dollars per month which should be reduced to twenty dollars per month upon the child becoming self-supporting or ceasing to live with plaintiff, that the plaintiff has elected to consider the agreement canceled and abrogated by reason of defendant's failure to pay for the support of the child since her employment at eight dollars and fifty cents per week, and it appears that the defendant agreed to pay the additional twenty dollars per month in order that his child might remain in school, that the child now receives all that is needed for a person in her station, that there is no allegation by the plaintiff of fraud or that she is not in good health, and the defendant alleges that he now requires constant medical treatment, an order directing payment of alimony and counsel fees should be reversed and the motion denied.

APPEAL by the defendant, George W. Craver, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Rensselaer on the 16th day of November, 1918, directing payment of alimony and counsel fees.

*Chester G. Wager,* for the appellant.

*Mills & Mills [Borden H. Mills* of counsel], for the respondent.

LYON, J.:

The relief demanded in this action is for a separation, and that the plaintiff be awarded the custody of the minor child, and for a reasonable provision for her support, and for the support, maintenance and education of the child. The action was commenced October 22, 1918. The court at Special Term granted an order allowing plaintiff counsel fees of seventy-five dollars and alimony at the rate of twenty

dollars payable semi-monthly from October 15, 1918, pending the determination of the action. From such order this appeal has been taken.

The complaint alleges that on December 21, 1917, the plaintiff and the defendant entered into an agreement of separation, which provided that the parties should live separate and apart, and that the plaintiff should have the custody, and should maintain, care for, educate and support their daughter. The agreement also provided that the husband should pay the wife twenty dollars twice in each month, and that the plaintiff should be entitled to receive the earnings of the child so long as she might be employed during her minority, except that after the child became sixteen years of age, and became self-supporting, or ceased to live with plaintiff, the payments to be made by the defendant to the plaintiff should be only ten dollars twice in each and every month. The agreement also provided that neither party should sue the other for a separation on any ground now or heretofore existing, but that at the option of either party the agreement might be abrogated upon the commission of adultery by the other party; and the wife covenanted that twenty dollars every two weeks should be sufficient and reasonable for her to accept and receive for her support and maintenance and the support and maintenance of the child.

The complaint also alleges that since about the first of October the defendant has failed to pay the plaintiff the sum of twenty dollars per month for the support of said child, and that the plaintiff has elected to consider the agreement canceled and abrogated by reason of defendant's breach thereof, and duly notified the defendant of such election; that the child of the parties became sixteen years of age on August 11, 1918, and is not self-supporting, but is employed by the New York Telephone Company at eight dollars and fifty cents per week, all of which sum is turned over to the plaintiff and wholly used in the care, support and maintenance of said child.

Upon the argument of the motion it appeared that the child left school in January, 1918, and since May, 1918, has been working for the New York Telephone Company, first at six dollars per week, and now at eight dollars and fifty cents

per week, turning all the proceeds over to her mother, and that in October, 1918, the defendant having discovered that the child was at work and self-supporting, has refused to pay the mother beyond the sum of ten dollars twice monthly. It further appeared that the plaintiff and child live with the plaintiff's father over his grocery and meat market, and that the plaintiff assists the father therein, receiving no wages, but that the father furnishes the plaintiff and child their board and lodging.

We do not think the order appealed from should have been granted. The defendant was anxious that his child should remain in school, and for this purpose agreed to pay twenty dollars per month for her support. The month following the making of the agreement she left school. The child now earns thirty-five dollars a month as against twenty dollars to be paid by the father. The mother seems to have made the agreement knowingly. The only breach she alleges is the failure of the father to make the payment of twenty dollars per month. The language of the agreement is plain. The wife does not claim that she was in any way deceived by it, or that any fraud or undue influence was exercised to induce her to sign it. She apparently earns more wages than the board of the wife and child. There is no claim that she is not in good health. She does not want a separation agreement as she already has one. What she wants is apparently more money, as her only complaint is that she does not receive money enough under the present agreement. She gets more than she bargained for, and so far as the child is concerned all that is needed for a person in her station. Furthermore, the husband alleges that by reason of an accident he was badly injured necessitating constant medical treatment. The letters of October 25 and October 26, 1917, were written prior to the making of the agreement of separation.

The order should be reversed.

All concurred.

Order reversed, without costs, and motion denied, without costs.